ADAM HAT STORES, Inc., v. RICE et al.

Civ. A. No. 1148.

District Court, W. D. Pennsylvania.

Feb. 4, 1941.

Briesen & Schrenk, of New York City, and Harry S. McKinley and Robert B. McKinley, both of Pittsburgh, Pa. (Karl Pohl and Malcolm R. Warnock, both of New York City, of counsel), for plaintiff.

Harry J. Applestein and Julius E. Foster, both of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

The case was heard on plaintiff's motion for a preliminary injunction supported by injunction affidavits and the defendants' counter affidavits. Both the plaintiff and the defendants are engaged in the business of selling and distributing men's hats and other articles of headwear.

The complaint presents two claims against the defendants:

(1) A claim for infringement of plaintiff's registrations under the Trade-Mark Act of February 20, 1905, Title 15 U.S.C.A. §§ 81–109, covering plaintiff's Adam die in several forms, all embodying the essential elements Adam or Adam Hats, AH, and a crest design in combination; plaintiff's crest design trade-mark separately; and plaintiff's trade-mark AH separately. The plaintiff claims defendants are infringing these trade-marks by using a hat die, the essential elements of which are the name, Aman's Hats, a colorable imitation of Adam; plaintiff's trade-mark AH; and a crest design in which there is deception similar to plaintiff's crest design.

(2) A claim for the infringement of said trade-marks at common law and for unfair competition, based on defendants' use of said deceptive Aman Hats die; of the misleading fictitious name Aman's Hat Co., and similar names conflicting with plaintiff's trade-mark, and customary trade-name, Adam Hats; and of another die The Fighting Hat die, one of the elements of which is said misleading name, the "Aman's Hat Co."

The complaint and supporting affidavit disclose that plaintiff has been in the business of selling Adam Hats since 1924, and that the business has grown to such an extent that the Adam Hats are now for sale in some two thousand two hundred retail stores throughout the United States. The plaintiff has advertised its Adam Hats for many years, and at great expense, having expended in advertising over $2,000,000. The advertising media have included newspapers, store, and display cards; the radio-broadcasting facilities, and in connection therewith, broadcast-ringside descriptions of prize fights. In each of the years 1935, 1936, and 1937, plaintiff sold in excess of one million Adam Hats. In each of the years 1938 and 1939, it sold in excess of two million such hats. The word Adam is plaintiff's most important trade-mark. It is affixed to all of plaintiff's hats by being imprinted on the linings, the sweatbands, or both, in association with a shield with the letters AH. Adam is the distinguishing element of plaintiff's corporate name. The trade-mark Adam, AH, and shieldmark and trade-name Adam Hats, are the visible symbols of plaintiff's nation-wide good will.

The defendants are apparently trying to benefit by the widespread advertising of plaintiff's hats, and are selling a hat known as Aman's Hats, with the idea of confusing the public and palming off their hats as those of plaintiff.

In May 1939, defendants placed on sale their so-called Aman's Hats, with the letters AH and a crest design similar to the one plaintiff uses on its Adam Hats. In

October 1939, plaintiff objected to this use, and the defendants agreed to eliminate the letters AH. The same month, defendants applied for registration of the notation Aman's in the United States Patent Office, and it is registered under the Act of March 19, 1920, 15 U.S.C.A. § 121 et seq. In November 1939, defendants sought registration of the name Aman's Hat Co., pursuant to the Fictitious Names Act of Pennsylvania, 71 P.S.Pa. § 276 et seq. In January 1940, defendants filed an application for registration of the notation Fighting Hat in association with a picture of two prize-fighters, and the name Aman's Hat Co. In May 1940, defendant Nathan Rice; Bernard R. Abels, a salesman in the firm; and William E. Adams, a steel-worker and ex-farm hand, filed with the Secretary of the Commonwealth articles of incorporation of a proposed corporation under the name of W. E. Adams Hat Co., which were rejected on the ground that it would tend to confusion with plaintiff's name.

These facts, coupled with the similarity of the hat dies of defendants with the Adam hat die of plaintiff, lead us to the conclusion that a proper case is presented for a preliminary injunction, which we will grant on plaintiff's giving bond in the sum of $10,000. This view finds support in Tanqueray Gordon & Co., Ltd. v. Gordon, D.C., 10 F.Supp. 852; Bourjois, Inc. v. Hermida Laboratories, Inc., 3 Cir., 106 F. 2d 174, 177.

Findings of fact, conclusions of law, and decree in accordance herewith may be submitted by plaintiff, on notice to defendants' counsel.